**Tommy FUENTEZ, Petitioner—
Appellant,**

v.

**Fred BROWN, Warden, Respondent—
Appellee.**

No. 04–17404.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 27, 2006.

Decided Aug. 7, 2006.

---

Tommy Fuentes, California Substance Abuse Treatment Facility Corcoran Facilities ASE1 & E, Carolyn M. Wiggin, Esq., Corcoran, CA, Federal Public Defender's Office, Sacramento, CA, for Petitioner-Appellant.

Marcia A. Fay, Esq., Erik R. Brunkal, Office of the California Attorney General (SAC) Department of Justice, Sacramento, CA, for Respondent-Appellee.

Before: T.G. NELSON, SILVERMAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

■ The district court did not err in finding that claims one and two were procedurally barred. The last reasoned state court decision clearly held that the claims were barred. Because Fuentez was sentenced and appealed in 1999, California's *Dixon* rule was an independent state ground. *Bennett v. Mueller*, 322 F.3d 573, 581–83 (9th Cir.2003). After the state sufficiently pled and argued that *Dixon* was an adequate state ground, Fuentez failed to come forward with specific factual allegations to demonstrate inadequacy under *Bennett. Id.* at 586.[1] However, because the California Supreme Court does not apply *Dixon* to bar ineffective assistance of counsel claims, *In re Robbins*, 18 Cal.4th 770, 77 Cal.Rptr.2d 153, 959 P.2d 311, 340 n. 34 (1998), we agree with the parties that the district court erred by finding that claim six was procedurally barred by *Dixon*. We therefore remand to the district court for further consideration of this claim.

■ Fuentez argues that the district court erred in dismissing and denying his claims that the trial court violated due process by refusing to strike prior convictions and denying a request for continuance at sentencing. To prevail on his claims, Fuentez must establish that the trial court decisions were so arbitrary that they violated due process. *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964); *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The California Court of Appeal's decision that the trial court did not abuse its discretion or act arbitrarily was not an unreasonable application of federal due process law. The state court factual finding that Fuentez did not provide useful information is presumed correct and supported by the record. Petitioner has not come forward with clear and convincing evidence to rebut the presumption of correctness. 28 U.S.C. 2254(e)(1). Each party shall bear its own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Contrary to Fuentez's argument, *King v. Lamarque*, 464 F.3d 963 (9th Cir.2006) does not entitle him to relief. Unlike King, Fuentez never asserted to the district court that *Dixon* was inadequate at the time of his procedural default.